UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIO P., <br><br>            Plaintiff, <br><br>     v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>            Defendant. | Case No.  23-cv-01664-VC <br><br> **ORDER REMANDING TO AGENCY** <br><br> Re: Dkt. Nos. 8, 10 |

The case is remanded to the agency for further proceedings. This ruling assumes the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

The ALJ concluded that the claimant was not disabled during a period from April 29, 2019, to April 10, 2021. However, in reaching that conclusion, the ALJ relied primarily on evidence from after that time period. The record contains strong evidence that the claimant was experiencing severe confusion during the relevant period as a result of end-stage liver disease, but the ALJ consistently discounted it by pointing to evidence from after April 2021. For example, the ALJ noted that in early 2020, the claimant saw a doctor who concluded that his confusion was intense enough that she "recommended that he stop driving and surrender his driving license." *Id.* at 22. But the ALJ largely wrote this off because "in July of 2021, the claimant and his wife both indicated that he was able to drive." *Id.* This problem pervades the opinion. *See, e.g.*, *id.* ("However, as of July 2021, the claimant reported that he was doing much better."); *id.* ("Testing performed in December 2021 revealed that the claimant's liver function

and ammonia levels were normal. All other lab values were within normal limits."). The claimant's physical limitations received the same treatment—in developing the claimant's RFC, the ALJ relied heavily on his testimony that "in December 2021 he was walking two miles in forty minutes on his treadmill." *Id.* at 24.

Of course, evidence from after the relevant period is not categorically off limits for determining the claimant's capacity during that period. At the hearing, for example, the Commissioner argued that it was reasonable for the ALJ to consider test results from just a few months later: "in June 2021, the claimant's lab work was stable; and he showed no physical signs of encephalopathy." Dkt. No. 5-3 at 21. In theory at least, the ALJ could have said that, despite the later date, this was the most probative evidence of the claimant's confusion, and thus it outweighed or otherwise affected the contrary evidence from within the relevant period. But the ALJ never once explained how or why the post-April 2021 evidence factored into his inquiry about Cecilio P.'s pre-April 2021 condition, despite relying on it so heavily. Moreover, to the extent that the ALJ relied on subsequent improvements in the claimant's condition, those improvements would only seem to underscore how severe his limitations were during the relevant period.

Accordingly, the ALJ's opinion about the claimant's limitations during the April 2019 to April 2021 period is not "supported by substantial evidence." 42 U.S.C. § 405(g). It may also be that the ALJ's failure to distinguish between evidence from within the relevant period and subsequent evidence was pure legal error. Regardless, the case must be remanded to the agency for further consideration of whether the claimant was disabled during the relevant period.

The claimant contends that the Court should simply award him benefits rather than remanding. To be sure, there are other serious issues with the ALJ's opinion, particularly relating to the treatment of the claimant's confusion. Overall, the record strongly suggests that the claimant was disabled during the April 2019 to April 2021 period. But the ultimate outcome is not quite certain enough for an outright award of benefits, especially given the strength of the ordinary remand rule. *See Treichler v. Commissioner of Social Security Administration*, 775 F.3d

1090, 1101 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: December 5, 2023

_____

VINCE CHHABRIA
United States District Judge